| | |
|---|---|
| **FELLERMAN & CIARIMBOLI LAW**<br>Kirby Park Commons<br>183 Market Street, Suite 200<br>Kingston, PA  18704<br>(570) 718-1444<br>(570) 714-7255 (FAX)<br>www.714HURT.com | Edward J. Ciarimboli, Esquire<br>ID# 85904<br>ejc@714HURT.com<br><br>Gregory E. Fellerman, Esquire<br>ID# 81568<br>gef@714HURT.com<br><br>Molly Dempsey Clark, Esquire<br>ID# 89367<br>mclark@fclawpc.com |

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER HOOD<br><br>　　　　　　　　　Plaintiff<br><br>v.<br><br>TERRENCE SELLERS and<br>CASSIDYS TRANSFER<br><br>　　　　　　　　　Defendants | CIVIL ACTION – LAW<br><br>JURY TRIAL DEMANDED<br><br>NO. |

## COMPLAINT

AND NOW COMES the Plaintiff, Christopher Hood, by and through his legal counsel, Fellerman & Ciarimboli Law, P.C., to hereby complain against the above named Defendants, and aver as follows:

## PARTIES

1. Plaintiff Christopher Hood is an adult individual who resides at 215 Overbrook Road Dallas, Luzerne County, Pennsylvania 18612 ("Plaintiff").

2. Defendant Terrence Sellers is an adult individual who resides at 669 Rue Bergeron, Gatineau, Quebec City, Canada J8L2B4 ("Defendant Sellers").

3. Defendant Cassidys Transfer, Storage Limited (USDOT# 163123/MC# 250053) is a Canadian company with its headquarters at 1001 Mackay Street, Pembroke, Ontario, Canada K8A6X7 ("Cassidys Transfer").

4. At all relevant times, Defendant Sellers was the agent, servant, workman, and/or employee of Defendant Cassidys Transfer, and was acting in the course and scope of his employment.

5. At all relevant times, and based upon information and belief, Defendant Sellers was operating a 1996 freightliner with plate # 2833PM owned by Cassidys Transfer ("Freightliner").

6. At all relevant times, Defendant Sellers and Defendant Cassidys Transfer held themselves out as competent, skilled, licensed and registered in accordance with the Federal Motor Carrier Regulations.

## JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because (a) there is complete diversity of citizenship between Plaintiff and Defendants; and (b) the matter in controversy exceeds the jurisdictional limit.

## BACKGROUND

8. On January 18, 2016, sometime before 8:09 p.m., Plaintiff was operating his 2001 Acura plate #JRX8035 ("Acura") traveling North on Interstate 81 ("I81") near Exit 12 in Cortlandville, Cort County, New York.

9. At the aforementioned date, place and time, due to the inclement weather and road conditions, Plaintiff lost control of his Acura causing him to come to rest on the northbound berm of I81.

10. At approximately 8:09 p.m., Defendant Sellers -- while operating the Freightliner owned by Defendant Cassidys Transfer as set forth above in his capacity as agent, servant, workman, and/or employee of Defendant Cassidys Transfer -- was entering I81 via the 12 Northbound Exit Ramp.

11. At the aforementioned date, place and time, while safely and properly stopped on the berm of I81, Plaintiff was violently struck from behind by Defendant Sellers, causing the Plaintiff to suffer very serious and permanent injuries as outlined herein ("Crash").

12. It was dark, foggy, raining and snowing at the time of the Crash and Defendant Sellers was driving at an unsafe rate of speed; improperly utilizing his jake brakes and/or engine brakes; and otherwise operating the Freightliner in an unsafe and reckless manner in violation of the Federal Motor Carrier Regulations as set forth in detail herein.

13. At all relevant times hereto, Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

## COUNT I
## NEGLIGENCE / RECKLESSNESS
## <u>CHRISTOPHER HOOD v. TERRENCE SELLERS</u>

14. The preceding paragraphs are incorporated herein by reference as though fully set forth.

15. The negligence, carelessness and/or recklessness of Defendant Sellers, individually and as the agent, servant, worker and/or employee of Defendant Cassidys Transfer, consisted of, but is not limited to the following:

   A. Failing to maintain proper and adequate control of his Freightliner so as to avoid crashing into Plaintiff;

   B. Driving carelessly in disregard for the safety of others, including Plaintiff;

   C. Failing to pay proper attention while operating his Freightliner on I81;

   D. Failing to take proper precautions in the operation of his Freightliner so as to avoid the Crash;

   E. Operating his Freightliner in a negligent, careless and reckless manner without due regard for the rights and safety of Plaintiff;

   F. Utilizing the Freightliner's jake breaks and/or engine brakes in hazardous extreme weather;

   G. Failing to exercise due care and caution under all of the existing circumstances;

H. Failing to have his Freightliner unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

I. Failing to remain alert;

J. Traveling at an unsafe rate of speed under the circumstances;

K. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

L. Failing to operate his Freightliner in accordance with the Federal Motor Carrier Safety Regulations;

M. Failing to properly control his Freightliner unit in light of the circumstances then and there existing, including night operations in the rain/snow;

N. Failing to make necessary and reasonable observations while operating his Freightliner;

O. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiff;

P. Failing to timely and properly apply his brakes;

Q. Violating FMCSA Regulation 383 dealing with required knowledge and skills;

R. Consciously choosing to drive over the speed limit at night in the rain/snow;

S. Consciously choosing to use jake breaks in the rain/snow;

T. Consciously refusing to adjust speed in response to weather;

U. Consciously choosing to otherwise violate §392.14 regarding driving in hazardous conditions with extreme caution;

 V. Failing to see and pay proper attention to other vehicles, including Plaintiff;

 W. Failing to perform proper pre-trip inspection;

 X. Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant Cassidys Transfer;

 Y. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

 Z. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

 AA. Violating FMCSA Regulation 395 dealing with hours of service;

 BB. Failing to adhere to the amount of driving hours limit;

 CC. Striking Plaintiff's vehicle due to being on the road for more than the regulated amount of hours;

 DD. Consciously choosing to drive over the regulated amount of hours;

 EE. Consciously choosing not to pull his Freightliner over when the regulated amount of hours on the road was met;

 FF. Acting with a conscious disregard for the rights and safety of Plaintiff; and

 GG. Failing or consciously choosing not to follow the Commercial Driver's Manual as it relates to matching speed to road surface.

16. As a direct and proximate cause of the negligence and/or recklessness of Defendant Sellers, Plaintiff suffered the following injuries:

 A. Multiple fractures;

 B. Cervical fracture at C7;

    C. Lumbar fracture at L2;

    D. Thoracic sprain/strain;

    E. Displaced left femoral neck fracture with subtrochanteric extension;

    F. Left pelvic ring fracture;

    G. Left displaced comminuted intertrochanteric femur fracture;

    H. Radiculopathy;

    I. Limited range of motion;

    J. Scarring;

    K. Limitation of activities; and

    L. All other injuries, pain and limitations stemming from said injuries.

17. As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries and the natural consequences thereof.

18. All of the treatment for Plaintiff's injuries and the natural consequences thereof, has been deemed reasonable and necessary.

19. As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiff has sustained a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time into the future.

20. As a result of the aforesaid injuries, and the natural consequences thereof,

Plaintiff has sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

21. As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiff has suffered physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

22. As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

23. As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiff has sustained an impairment of his earning capacity/potential.

**WHEREFORE**, the Plaintiff, Christopher Hood, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Terrence Sellers, under the applicable statutes of the Commonwealth of Pennsylvania, New York and the Federal and Middle District Rules of Court.

## COUNT II
## NEGLIGENCE / RECKLESSNESS
## CHRISTOPHER HOOD v. CASSIDYS TRANSFER as being vicariously liable for Terrnece Sellers

24. The preceding paragraphs are incorporated herein by reference as though fully set forth.

25. The negligence, carelessness, and/or recklessness of Defendant Cassidys Transfer, as being vicariously liable for the actions of Defendant Sellers, consisted of, but is not limited to the following:

    A. Failing to maintain proper and adequate control of his Freightliner so as to avoid crashing into Plaintiff;

    B. Driving carelessly in disregard for the safety of others, including Plaintiff;

    C. Failing to pay proper attention while operating his Freightliner on I81;

    D. Failing to take proper precautions in the operation of his Freightliner so as to avoid the Crash;

    E. Operating his Freightliner in a negligent, careless and reckless manner without due regard for the rights and safety of Plaintiff;

    F. Utilizing the Freightliner's jake brakes and/or engine brakes in hazardous extreme weather;

    G. Failing to exercise due care and caution under all of the existing circumstances;

    H. Failing to have his Freightliner unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    I. Failing to remain alert;

    J. Traveling at an unsafe rate of speed under the circumstances;

    K. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

    L. Failing to operate his Freightliner in accordance with the Federal Motor Carrier Safety Regulations;

M. Failing to properly control his Freightliner unit in light of the circumstances then and there existing, including night operations in the rain/snow;

N. Failing to make necessary and reasonable observations while operating his Freightliner;

O. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiff;

P. Failing to timely and properly apply his brakes;

Q. Violating FMCSA Regulation 383 dealing with required knowledge and skills;

R. Consciously choosing to drive over the speed limit at night in the rain/snow;

S. Consciously choosing to use jake breaks in the rain/snow;

T. Consciously refusing to adjust speed in response to weather;

U. Consciously choosing to otherwise violate §392.14 regarding driving in hazardous conditions with extreme caution;

V. Failing to see and pay proper attention to other vehicles, including Plaintiff;

W. Failing to perform proper pre-trip inspection;

X. Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant Cassidys Transfer;

Y. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

Z. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

AA. Violating FMCSA Regulation 395 dealing with hours of service;

BB. Failing to adhere to the amount of driving hours limit;

CC. Striking Plaintiff's vehicle due to being on the road for more than the regulated amount of hours;

DD. Consciously choosing to drive over the regulated amount of hours;

EE. Consciously choosing not to pull his Freightliner over when the regulated amount of hours on the road was met;

FF. Acting with a conscious disregard for the rights and safety of Plaintiff; and

GG. Failing or consciously choosing not to follow the Commercial Driver's Manual as it relates to matching speed to road surface.

26. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Christopher Hood, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Cassidys Transfer, under the applicable statutes of the Commonwealth of Pennsylvania, New York and the Federal and Middle District Rules of Court.

## COUNT III

**NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION
<u>CHRISTOPHER HOOD v. CASSIDYS TRANSFER</u>**

27. The preceding paragraphs are incorporated herein by reference as though fully set forth.

28. Defendant Cassidys Transfer had an obligation/duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

29. Plaintiff was injured as a result of an incident related to Defendant Seller's driving, more specifically, Defendant Seller's unsafe driving.

30. The negligence, carelessness and/or recklessness of Defendant Cassidys Transfer, individually and through its various employees, servants, agents and/or workers including Defendant Sellers, consisted of the following:

   A. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including Defendant Sellers;

   B. Hiring and/or continuing to employ Defendant Sellers despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

   C. Hiring and/or continuing to employ Defendant Sellers despite the fact that it knew or should have known that his violation of the FMCSA hours of service made him unfit to safely operate a commercial vehicle;

   D. Hiring and/or continuing to employ Defendant Sellers despite the fact that he had a propensity for driving violations;

   E. Hiring and/or continuing to employ Defendant Sellers despite the fact that he had a propensity for violating "Rules of the Road" and FMCSR;

   F. Failing to perform alcohol and/or drug tests after the Crash;

   G. Failing to do preventability analysis as recommended by FMCSR;

   H. Failing to have an appropriate disciplinary policy within the company;

I. Hiring and/or continuing to employ Defendant Sellers despite the fact that it knew or should have known that his propensity to break the vehicular rules of various states could an/or would put the driving public at risk;

J. Permitting Defendant Sellers to operate its Freightliner when it knew or should have known that he was not properly qualified and/or trained;

K. Failing to train and/or properly train Defendant Sellers prior to allowing him to operate its Freightliner;

L. Allowing Defendant Sellers to operate Freightliners in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

M. Failing to adopt appropriate employee manuals and/or training procedures;

N. Failing to enforce both the written and unwritten policies of Cassidys Transfer;

O. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Cassidys Transfer;

P. Failing to implement and/or enforce an effective safety system;

Q. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

R. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

S. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

T. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

U.  Failing to monitor and/or regulate its drivers' actions;

V.  Failing to monitor and/or regulate its drivers' hours;

W.  Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

X.  Failing to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

Y.  Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

Z.  Placing more emphasis on profits than on the safety of its drivers and the motor public;

AA. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

BB. Failing to act upon and remedy known violations of FMCSA regulation 395;

CC. Failing to act upon and remedy known violations of FMCSA regulation 383;

DD. Failing to act upon and remedy known violations of industry standards;

EE. Acting in conscious disregard for the rights and safety of the Plaintiff;

FF. Failing to have appropriate policies and procedures with regard to the hiring of its drivers;

GG. Failing to follow the written and/or unwritten policies and procedures with regard to the hiring of its drivers;

HH. Failing to have appropriate policies and procedures with regard to the monitoring of its drivers; and

II. Failing to follow the written and/or unwritten policies and procedures with regard to the monitoring of its drivers.

31. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Christopher Hood, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Cassidys Transfer, under the applicable statutes of the Commonwealth of Pennsylvania, New York and the Federal and Middle District Rules of Court.

Respectfully submitted,

FELLERMAN & CIARIMBOLI LAW, P.C.

BY: *s/ Molly D, Clark* _____
EDWARD J. CIARIMBOLI, ESQUIRE
MOLLY DEMPSEY CLARK, ESQUIRE
Attorney for the Plaintiff