UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER HOOD | CIVIL ACTION – LAW |
| Plaintiff | JURY TRIAL DEMANDED |
| v. | NO.  17-CV-00275-RDM |
| TERRENCE SELLERS and CASSIDYS TRANSFER | |
| Defendants | |

**PLAINTIFF'S MOTION IN LIMINE TO PERMIT PLAINTIFF TO UTILIZE POWERPOINT PRESENTATION DURING OPENING STATEMENTS**

AND NOW COMES Plaintiff Christopher Hood  (hereinafter "Plaintiff"),  by and through his legal counsel, Fellerman and Ciarimboli Law, P.C.,  to  hereby submit this Motion in Limine to permit Plaintiff to utilize a PowerPoint presentation during his opening statement.  In

support of this Motion, Plaintiff relies upon his supporting Brief and the exhibits cited therein, incorporated fully by reference.

1.This matter involves a tractor trailer crash caused by Defendant Terrance Sellers' failure to operate his truck with extreme caution on a dark, icy, and snow covered highway.  By way of brief summary, on the night of January 18, 2016, Plaintiff was driving on interstate 81-North near Cortlandville, New York.  He was headed back to Fort Hood Military Base and was scheduled for deployment to Afghanistan in the coming days.  As Plaintiff traveled down 81-North, due to the hazardous road conditions, his vehicle fishtailed and drifted across the highway, coming to rest somewhere near the edge of the road in the right lane of travel.  Suddenly and without warning, Plaintiff was violently struck by Defendant Sellers, who was operating his tractor trailer at approximately 55 miles per hour, in an unsafe and reckless manner, in violation of the Federal Motor Carrier Regulations.  Plaintiff sustained severe and life-altering injuries, including a broken femur, a fractured pelvis,  fractured cervical and lumbar vertebrae, and a concussion.

2.On February 14, 2017, Plaintiff filed a Complaint against Defendant Sellers and his employer, Cassidys Transfer, alleging: negligence and negligent hiring/supervision/retention.  Trial is scheduled to commence before the Honorable Joseph F. Saporito on July 16, 2018 in the United States District Court for the Middle District of Pennsylvania.

3.The Court's ability to decide motions in limine derives from its inherent authority to manage the cases brought before it.  Luce v. United States, 469 U.S. 38, 41 n. 4 (1984).  A motion in limine "is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. Of Educ., 913 F.2d 1064, 1069 (3d. Cir. 1990) (citation omitted).  It may also be appropriate for the Court to consider an in limine

motion when it is more efficient to rule prior to trial, and the motion facilitates more thorough briefing than would likely be available during the course of trial. In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).  Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., F.2d 1064, 1069 (3d Cir. 1990).

4. Plaintiff seeks permission to utilize a PowerPoint presentation during opening statements in order to aid the jury in understanding the complex issues in this case and enhance their comprehension of the material facts and evidence.  In general, the Federal Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact. *See* FED. R. EVID. 402.  The Rules can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. Ely v. Cabot Oil & Gas Corp., No. 3:09-CV-2284, 2016 WL 454817, at *3 (M.D. Pa. Feb. 5, 2016).  In affirming the lower court decision to permit counsel to utilize PowerPoints in openings and/or closings, the Superior Court of Pennsylvania recently held that:

> so long as no liberties are taken with the evidence, a lawyers is free to draw such inferences as he wishes from the testimony and to present his case in the light most suited to advance his case and win a verdict in the jury box.

5. Plaintiff intends to utilize a PowerPoint presentation at the time of opening statements, and further intends to provide same to the Court prior to jury selection for review. The use of this PowerPoint presentation will help aid the jury in understanding the complex

issues in this case and enhance their comprehension of the facts in this matter. Plaintiff also believes the use of the PowerPoint will save judicial time and resources. Finally, Defendant will not be prejudiced in any way by the use of the PowerPoint presentation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order granting her Motion in Limine and allowing use of a PowerPoint presentation during Plaintiff's opening statement.

**Respectfully Submitted,**

**Fellerman and Ciarimboli Law, P.C.**

*/s/ Harry McGrath/*

_____

Edward J. Ciarimboli, Esq.

Harry P. McGrath, Jr., Esq.

Attorneys for Plaintiff

Date: July 2, 2018