# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER HOOD, | |
| Plaintiff, | CIVIL ACTION NO. 3:17-cv-00275 |
| v. | (SAPORITO, M.J.) |
| TERRENCE SELLERS and CASSIDYS TRANSFER, | |
| Defendants. | |

## **MEMORANDUM**

Before the Court is the Defendants' Motion in Limine to Preclude the Testimony of Plantiff's Expert, Ken Lacey. (Doc. 72). The defendants seek to exclude Lacey's expert testimony on the ground that it is based largely on proscriptive standards for the safe operation of a commercial tractor-trailer truck set forth in the New York Commercial Drivers Manual (the "New York Manual"). In particular, they contend that the New York Manual does not carry the force of law or otherwise establish an applicable standard of care.

It is beyond dispute that the Federal Motor Carrier Safety Regulations do carry the force of law. These regulations provide that drivers of commercial motor vehicles ("CMVs") must exercise "extreme

caution" when hazardous conditions—such as snow or ice—adversely affect visibility or traction. 49 C.F.R. § 392.14. The regulations do not, however, elaborate upon the term "extreme caution."

As the parties acknowledge, the regulations require each state to promulgate a driver information manual, pre-approved by the Federal Motor Carrier Safety Administration ("FMCSA"), and provide it to all commercial drivers license ("CDL") applicants. *See* 49 C.F.R. § 383.131(a). These manuals must be comparable to a model commercial drivers manual developed by the American Association of Motor Vehicle Administrators, which has been approved by the FMCSA and distributed to the state agencies that license CMV drivers. *See id.* § 383.131(a)(1). The manual is required to include "[t]he substance of the knowledge and skills that drivers must have, as outlined in subpart G of this part," as well as other information on the CDL testing and licensing process. *Id.*

While the federal regulations do not explicitly incorporate the contents of a particular state's drivers information manual, subpart G (referenced above) explicitly mandates that "[a]ll drivers of CMVs must have the knowledge and skills necessary to operate a CMV safely as contained in this subpart." 49 C.F.R. § 383.110. Subpart G further

mandates that:

> All CMV operators must have knowledge of:
>
> (1) Procedures for safe vehicle operations . . . .
>
> . . . .
>
> (9) Speed management. The importance of understanding the effects of speed, including:
>
> > (i) Speed and stopping distance;
> >
> > (ii) Speed and surface conditions;
> >
> > (iii) Speed and the shape of the road;
> >
> > (iv) Speed and visibility; and
> >
> > (v) Speed and traffic flow.
>
> . . . .
>
> (12) Extreme driving conditions. The basic information on operating in extreme driving conditions and the hazards encountered in such conditions, including . . . [b]ad weather, e.g., snow, ice, sleet, high wind . . . .

*Id.* § 383.111(a).

The plaintiff's expert, Ken Lacey, is expected to testify at trial regarding the applicable standard of care and whether defendant Sellers breached that standard in the operation of his tractor-trailer truck. He is expected to testify that the applicable standard of care is informed not only by the federal regulations, but also by the New York Manual. He is

expected to testify that, based on the guidance provided in the New York Manual, a properly licensed CMV driver should know to reduce his speed based on road conditions and visibility. He is expected to testify that the New York Manual admonishes drivers to reduce their speed by one-third on wet roads, to reduce their speed by one-half or more on snow-covered roads, and to reduce their speed to a crawl and stop driving as soon as safe to do so when roads are icy. He is expected to testify that the New York Manual further admonishes drivers to slow down when visibility is limited so they can stop within the distance they can see ahead. Based on this guidance, Lacey is expected to testify that Sellers breached the applicable standard of care inasmuch as he was driving his truck, with a load, at 55 miles per hour in snowy conditions at the time of the collision.

The defendants contend that the New York Manual does not inform the applicable standard of care for a driver operating a CMV on the roadways, but merely provides assistance to applicants seeking to obtain their CDL. The defendants contend that the New York Manual's specific proscriptions amount to nothing more than suggestions or recommendations with respect to already-licensed CMV drivers.

We agree that the New York Manual does not carry the force of law

or regulation, nor does the manual *itself* establish a statutory standard of care. *See Benedict v. Hankook Tire Co. Ltd.*, 286 F. Supp. 3d 785, 790–91 (E.D. Va. 2018). Thus, the mere deviation from the guidance provided by the New York Manual does not constitute negligence *per se*.[1] In a technical case such as this, however, expert testimony is necessary to illuminate the applicable standard of care. *See id.* at 791, 796. Moreover, "as counsel is well-aware, experts are permitted to rely on facts or data in the case that the expert has been made aware of or personally observed in reaching their conclusions." *Botey v. Green*, No. 3:12-CV-1520, 2017 WL 2536387, at *3 (M.D. Pa. June 9, 2017). The guidance provided in the New York Manual, which was promulgated pursuant to federal regulation and is substantively similar to manuals published in all fifty states, may constitute such facts or data. As this Court has recently noted:

> [A]s the [CDL] Manual is at least one of the bases on which a CDL is issued, it is relevant and probative to the issues in this case. The CDL Manual provides a standard by which a particular action in the commercial driver field may be judged. It is therefore presumptively relevant given that the document offers driving instruction for commercial motor vehicle drivers, such as [Sellers]. This information, and [the expert's] explanation of its application, will be helpful to a jury in

---

[1] If it did, no expert testimony would be necessary.

> understanding the instructions [Sellers] was, presumably, aware of when driving and what training he had, or should have, received.

*Id.*; *see also Lundquist v. Whitted*, Civil No. 15-CV-148-NDF, 2016 WL 3674695, at *3 (D. Wyo. May 25, 2016) (permitting expert testimony based on a state CDL manual); *Malburg v. Grate*, No. 11-14856, 2014 WL 4473786, at *5 (E.D. Mich. 2014) (same).

Provided that Lacey does not opine on the ultimate legal issue of whether the defendants' conduct was negligent or reckless, and that Lacey's testimony does not characterize the guidance provided in the New York Manual as a "law" or "regulation" in itself, but merely uses it as a basis for his expert opinion on the applicable standard of care in the trucking industry with respect to the safe operation of a commercial motor vehicle and on any breach thereof by the defendants, such testimony is relevant and admissible.

Accordingly, the motion will be denied.

An appropriate Order follows.

Dated: July 16, 2018

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge