IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER HOOD, | : CIVIL ACTION NO. **3:17-CV-0275** |
| Plaintiff, | : |
| v. | : Magistrate Judge Saporito |
| TERENCE SELLERS and CASSIDY'S TRANSFER, | : |
| Defendants. | : |

FILED
WILKES BARRE
JUL 26 2018
Per _____ MS

## VERDICT SLIP

**Question 1:**

Do you find by a preponderance of the evidence that Terence Sellers, as an agent of Cassidy's Transfer, was negligent in the operation of his tractor trailer at the time of the accident?

Yes ✓     No ____

If you answer Question 1 "YES," go to Question 2.

If you answer Question 1 "NO," go to Question 3.

**Question 2:**

If you found that Terence Sellers, as an agent of Cassidy's Transfer, was negligent in the operation of his tractor trailer at the time of the accident, was it a substantial factor in causing the injuries?

Yes ✓     No ____

If you answer Question 2 "YES," go to Question 3.

If you answer Question 2 "NO," go to Question 3.

**Question 3:**

Do you find by a preponderance of the evidence that Cassidy's Transfer was negligent in training Terence Sellers?

Yes ✓     No ____

If you answer Question 3 "YES," go to Questions 4.

If you answer Questions 1 and 3 "NO," the Plaintiff cannot recover and you should not answer any further questions. Tell the court officer you have reached a verdict.

**Question 4:**

Do you find by a preponderance of the evidence that Cassidy's Transfer's negligence in training Terence Sellers was a substantial factor in causing the injuries?

Yes ✓     No ____

Proceed to Question 5.

**Question 5:**

Do you find by a preponderance of the evidence that Christopher Hood was negligent in the operation of his motor vehicle?

Yes ✓     No ____

If you answer Question 5 "YES," go to Question 6.

If you answer Question 5 "NO," go to Question 7.

**Question 6:**

Do you find by a preponderance of the evidence that Christopher Hood's negligence was a substantial factor in causing the injuries?

Yes ✓     No ____

Proceed to Question 7.

**Question 7:**

Taking the combined negligence that was a substantial factor in causing the injuries as 100 percent, what percentage of that negligence do you attribute to each party? **If you did not find that a given party was negligent or a substantial factor in causing the injuries, you should put a "0" then in parenthesis spell out zero, Z-E-R-O, end parenthesis, next to that party's name.**

| | |
|---|---|
| Percentage negligence attributable to the Defendant, Terence Sellers as an agent of Cassidy's Transfer | 14 % |
| Percentage of negligence attributable to Cassidy's Transfer | 23 % |
| Percentage negligence attributable to Plaintiff, Christopher Hood | 63 % |
| | 100 % Total: 100% |

**Question 8:**

Itemize the amount of damages sustained by Christopher Hood as a result of this accident without reduction by any percentage that you have attributed to Christopher Hood.

**The fact that a category is listed below does not mean that you must award damages with respect to that category if you find the evidence does not support such a claim.**

(A) Past and future loss of earning and lost earning capacity    $ 650,000

(B) Future medical bills    $ 750,000

(C) Past, present, and future pain and suffering, embarrassment and humiliation, loss of enjoyment of life, scarring, and disfigurment.    $ -0-

3

TOTAL:        $ 1,400,000

**Question 9:**

You should answer the following question only as to those Defendants whom you found were a substantial factor of Plaintiff's injuries in questions 2 and 4 by answering "yes" to that question. If you did not find the given Defendant liable, you should check "not applicable" ("N/A") next to the Defendant's name.

Did Plaintiff prove by a preponderance of the evidence that Terence Sellers and/or Cassidy's Transfer acted maliciously, wantonly, or with reckless indifference in their actions toward the plaintiff?

Terence Sellers        Yes _____    No __✓__

Cassidy's Transfer     Yes _____    No __✓__

After completing your deliberations return your answers to those questions on the Verdict Forms signed and dated by the jury foreman to the courtroom deputy.

Dated: July 26, 2018                    _____
                                         Foreman